UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08513-RGK-SSC | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Veganoush Dichtchian v. Mercedes-Benz USA, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]

On September 7, 2023, Veganoush Dichtchian ("Plaintiff") filed a Complaint against Mercedes-Benz USA, LLC ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*) stemming from a May 19, 2023 lease of a 2023 Mercedes-Benz EQS450 ("Vehicle") from Defendant. On October 9, 2023, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08513-RGK-SSC | Date | October 24, 2023 |
|---|---|---|---|
| Title | *Veganoush Dichtchian v. Mercedes-Benz USA, LLC* | | |

Plaintiff seeks replacement or restitution for all money paid for the Vehicle, incidental and consequential damages, civil penalties, punitive damages, injunctive relief, and attorneys' fees, among other remedies, under the Song-Beverly Act. In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant states that Plaintiff seeks damages under the lease agreement in the amount of $34,089.71 and civil penalties and attorneys' fees in the amount of $68,179.42 for the potential damages to total $102,269.13.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. Regarding Plaintiff's damages under the lease, Plaintiff paid $10,500 upon signing the lease and agreed to subsequently pay twenty-four monthly payments of $999.77. Assuming Plaintiff remained current on all payments, Plaintiff had made four payments when Plaintiff filed suit on September 7, 2023, for a total of $3,999.08 in monthly payments. The Court combines Plaintiff's monthly payments with the $10,500 paid upon signing for a total of $14,499.08 expended under the lease at the time the suit was filed. In an award of damages under the SBA, the total amount expended would be reduced for Plaintiff's usage. Cal. Civ. Code § 1793.2(d)(1). Therefore, Plaintiff's damages are currently unspecified, but less than $14,499.08.

Defendant also asks the Court to consider Plaintiff's request for civil penalties and attorneys' fees under the Song-Beverly Act as part of the amount in controversy. While civil penalties and attorneys' fees are available for willful failure to comply with the Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. The Court is skeptical that Defendant can show by a preponderance of evidence that this requirement is met. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **six days of this Order's issuance.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/dc |